[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR ADVICE
The plaintiff Prime Bank has filed a Motion for Advice, to inquire whether the court will permit additional post-judgment discovery of a person who is not the judgment debtor.
The court entered judgment for the plaintiff Prime Bank against the defendant Wayne Lutsky for $193,549.44 on July 13, 1998. Thereafter the plaintiff commenced certain post-judgment proceedings in order to discover any assets of the defendant that might be available to satisfy the judgment. The plaintiff seeks discovery against a third party Patricia Glazer, who has obtained counsel and who has objected to the institution of further discovery against her.
In October of 1997, the defendant granted a mortgage to Ms. Glazer on a piece of real property he owned at 44 Blohm Street, West Haven, CT. The mortgage evidenced a debt of $125,000. It was recorded on the land records on October 17, 1997. The plaintiff commenced this lawsuit with a return date of March 31, 1998. In commencing the lawsuit, the plaintiff attached the defendant's interest in the West Haven property and such interest as the defendant had in another parcel in Milford.
Conn. Gen. Stat. § 52-351b provides that a judgment creditor "shall commence any discovery proceeding by serving an initial set of interrogatories, in a prescribed form . . . as may be approved by the Judges of the Superior Court or their designee, on the person from whom discovery is sought." After obtaining the judgment against the defendant on July 13, 1998, the plaintiff commenced post-judgment discovery first by attempting to depose Ms. Glazer. Glazer obtained counsel who filed a Motion for a Protective Order on September 30, 1998. Before the motion was heard by the court the plaintiff served the standard post-judgment interrogatories on Glazer as provided by the statute. Glazer responded in a timely fashion by answering the interrogatories in writing.
In answer to the question: "Are you in possession of nonexempt personal property belonging to the judgment debtor?" Glazer responded, "No."
The plaintiff thereafter renoticed Glazer's deposition and CT Page 2919 filed a Motion for Examination (Doc. #108), requesting that the court order the deponent to answer questions before a judge of the Superior Court "regarding her knowledge of undisclosed assets of the defendant." The court heard that motion and the deponent's motion for protective order on December 21, 1998. On the basis of that which was before the court at that time, this court denied the plaintiffs motion for examination. The court was of the opinion then, as it is now, that the power of a judgment creditor to use the judicial process to compel third parties to provide information about the assets of a judgment debtor is circumscribed in Connecticut by the provisions of Conn. Gen. Stat. § 52-351b.
A judgment creditor may take the deposition of a third party pursuant to subsection (c) of the statute, although the statute is unclear about whether leave of the court must first be obtained. The first sentence of 52-351 b(c) states: "On failure of the person served with interrogatories to return a sufficient answer or disclose sufficient assets for execution, or on objection by such person to the interrogatories, the judgment creditor may move the court for such supplemental discovery orders as may be necessary to ensure disclosure. . . ." In the next sentence, however, the statute states that the judgment creditor may obtain discovery "including the taking of depositions, from any person served with interrogatories in accordance with procedures for discovery in a civil actionwithout further order of the court" [emphasis supplied], followed by the proviso that the court "may order such additional discovery as justice requires provided that the order shall contain a notice that failure to comply therewith may subject the person served to being held in contempt of court." Conn. Gen. Stat. § 52-351b(c).
Read as a whole, the entire subsection seems to allow the judgment creditor to undertake discovery without leave of the court but to allow the party against whom discovery is sought to oppose responding unless the judgment creditor obtains a court order. That this is the correct interpretation of the statute is reinforced by 52-351b(d) which provides: "Any party from whom discovery is sought may seek a protective order pursuant to section 52-400a," as the deponent had done in this case.
In presenting the Motion for Examination to the court in December 1998, the plaintiff argued that it should be permitted to inquire into the details of the mortgage granted by the CT Page 2920 defendant to Glazer because, as counsel stated to the court, "it becomes a fraudulent conveyance if I can establish though my examination that there was something improper; and if it is a fraudulent conveyance, then. it is an asset of the debtor." Transcript of December 21, 1998. The court was nonetheless of the opinion then as now that judgment creditors should not be entitled to trouble third parties with responding to judicial process and preparing for inquiries under oath[1] except "as justice requires." As of December 21, 1998, the plaintiff had failed to make any showing of why justice required any further inquiry of the proposed deponent.
Now one year later the plaintiff has filed a Motion for Advice (Doc. # 111). In it the plaintiff explains that it has now deposed the defendant and has additional information concerning the dealings of the defendant and Glazer which warrants a further inquiry of Glazer about her possession or knowledge of defendant's assets. The plaintiff attaches the seventy-seven page deposition of the defendant to the motion, along with a memorandum of law. Once again, Glazer appears by counsel to object to the relief requested in the motion. Request for Oral Argument, filed November 30, 1999.
The defendant testified under oath about his financial affairs on April 5, 1999. He disclosed that Patricia Glazer, the proposed deponent, is married to his cousin Harvey Glazer. Patricia Glazer and the defendant were partners with a third person, George Germano, in a business called Cromwell Mobil until the defendant sold out to his partners in 1997. The defendant could not say what price he got for his interest in the business, or whether he currently retained a 1% share in the business.
At first, he could not say what form the business took, although he later admitted that he is still the president of the corporation and is an employee as well. He testified that the business leased to him the new Infiniti automobile he had been driving since 1997 but that he did not know how much the monthly payments were nor the last name of the one bookkeeper who kept account of and paid the monthly lease payments on the car. The defendant's gross salary from Cromwell Mobil is $1000 per week.
As for the mortgage on Blohm Street, the defendant was unsure of the original amount of the mortgage. ("I think it was maybe a hundred. I'm not sure.") He did not know what the monthly payments were to be to Glazer or how far behind he was in making them. He was clear that he had not in fact received the recited CT Page 2921 $125,000 from Glazer in connection with the Blohm Street mortgage, but rather that the mortgage had something to do with her purchase of a portion of his interest in Cromwell Mobil. He also sold his Harley to Glazer for a price he could not recall, although the bike remains in defendant's garage. Glazer helped the defendant by making some alimony payments for him after the defendant and his wife separated.
The defendant conceded in the deposition that he stopped making payments on the original $300,000 unsecured promissory note to Prime Bank virtually contemporaneously with the transfer of substantially all of his interest in the business to his two partners and with the mortgage to Glazer of the Blohm Street house. This also seems to have been about the time that he was going through a divorce from his wife, who is, parenthetically, the daughter of the president of Prime Bank, the judgment creditor.
The defendant admitted that the purpose of the loan in 1992 was to purchase the gas station business know as Cromwell Mobil. While he was an owner, the monthly payments were paid to the plaintiff out of the business account. There is certainly evidence from which a reasonable person could draw the conclusion that the plaintiff reorganized his financial affairs in late 1997 in order to insulate himself from obligations to creditors.
The plaintiff cites the case of Presidential CapitalCorporation v. Antonio Reale, 240 Conn. 623 (1997) for the proposition that such discovery proceedings as it intends to conduct here ought to be allowed by the court. In that case, true enough, a court allowed further inquiry of the mother and son of a judgment debtor who had disclaimed knowledge of any assets of the debtor in their answers to post-judgment interrogatories. But the holding in that case has to do with whether such an order is a final judgment for purposes of appeal and expressly makes no finding about the propriety of the trial judge's order. Id., 632-33. And the Supreme Court was cognizant that the trial judge had not yet determined nor exercised supervision over the scope of the inquiry that would be allowed pursuant to the order for further discovery.
Nonetheless the fact remains that the plaintiff, in making the original loan, required no other security for it than the defendant's promise to repay it. The bank required no guarantees of the loan from Glazer or from the defendant's other business CT Page 2922 partner. The bank did not require the defendant to pledge his stock in the corporation. It did not compel him in 1992 to execute a mortgage to it of his interest in the Blohm Street property, which he had owned since the 1980s, or of his interest in real property on Canner Street in New Haven or on property he then owned in Orange and in Milford.
The plaintiff chose to do none of these things, and in fact the defendant paid the loan according to its terms for five and a half years. Now that the plaintiff has a judgment against the defendant, it will have to try to recover from what limited assets and income it can find still in his name (and perhaps wait in line behind his former wife for payment). But it cannot burden his business partners and friends with depositions and other forms of compelled judicial inquiry in a case in which they are not parties but merely witnesses.
If the plaintiff has a good faith basis to believe that Glazer has conspired with the defendant to hide assets or that she has been the recipient of fraudulent transfers from the defendant, then the plaintiff can compel further inquiry by making her a party to a lawsuit, so she can know of what the plaintiff complains and can properly mount a defense if any she has. But the plaintiff should not be permitted to use a post-judgment proceeding, designed to aid in the collection of a judgment debt from one party, to build a case against business associates of the judgment debtor for a separate piece of litigation. The potential for abuse is too great; and the statutes in their present form do not allow it.
The plaintiffs Motion for Advice is treated by the court as a motion under Conn. Gen. Stat. § 52-351b for leave to compel Patricia Glazer to submit to further depositions and other discovery concerning her dealings with the judgment debtor. The court finds an inadequate basis in law and in fact for such further inquiry, and the motion is denied
Patty Jenkins Pittman Judge of the Superior Court